not maintain an action for the value of the land so taken and also damages accruing by reason of such taking, if the circumstances were such that he may recover the land itself.

A decree for the plaintiff will therefore be entered, but sixty days time will be allowed to the company as reasonable opportunity to acquire this right to maintan a line upon the property of the plaintiff; if not acquired within that time, the company will remove its line.

*Mills & Clevenger,* for plaintiff.

*Thorpe & Miller,* for defendants.

---

(Morrow Co., O., Common Pleas, June, 1900.)

MORROW COUNTY ILLUMINATING CO. v. MT GILEAD (VILLAGE).

*Rule as to grant of exclusive privileges—*
(1.)   The streets of a city may be used for purposes authorized by statute in furtherance of the convenience and welfare of inhabitants and not substantially interfering with the public easement of right of travel, but when it is sought to couple with such partial appropriation a stipulation that no further use of unoccupied portions of the street shall thereafter be permitted or made for similar purposes, which is not an exercise of, but an attempt to prohibit appropriation, and when the effect is to create a monopoly, the power of a municipal corporation then to divest itself of authority conferred as a public agent must be clearly shown.

*Rule applied to lighting franchise—*
(2.)   An ordinance granting a franchise to an electric light company, containing a provision, which was part of the bid for the contract, that the contract shall not be binding upon the grantees unless they are granted the exclusive use of the streets for lighting purposes, is within the rule above stated and that ordinance is invalid.

*An ordinance containing more than one subject is invalid—*
An ordinance passed by the council of a municipal corporation which grants a franchise to use the streets and alleys of the municipality for the purpose of supplying electric light and power to citizens, and also contains a contract for the lighting of the streets and alleys at a stipulated price, is in conflict with sec. 1694, R. S., in that it contains more than one subject and is for that reason void.

*Care, supervision and control of all public streets—*
(4.)   Every municipal corporation is clothed with power to protect itself, and the council has the care, supervision and control of all public highways, streets, avenues, alleys, sidewalks and public grounds, and none of these can be used for extraordinary purposes without the consent of the council.

*Term "Franchise" defined—*
(5.)   "Franchise," in a general sense, is a liberty or privilege; a particular privilege conferred upon individuals by grant from the government.   They are usually held by corporations created for the purpose of enjoying them.

---

Heard on demurrer to petitions.

CAMPBELL, J.

The plaintiff in this case is a private corporation and the defendant a municipal corporation, each organized and existing under the laws of this state.

The plaintiff in its petition says, that, "the council of said village in August, 1899, passed a resolution asking for bids for the erection of an electric light plant to be operated within said village for the purpose of furnishing light to the village and its citizens" and sets out a copy of said resolution, which will be referred to hereafter.

Then plaintiff states, that, pursuant to said resolution a certain proposition was made to the village council, by George M. Schambs, and copies such proposition in the petition, certain portions of which will be noticed farther along.

That on November 21, 1899, said proposition of George Schambs, was accepted and an ordinance passed by the council of the village "authorizing George Schambs of Cardington, Ohio, his associates, successors and assigns, to erect, operate and maintain an electric light, heat and power plant, consisting of poles, wires, lamps and all other necessary appurtenances thereto, in and through the streets, alleys, public grounds, public ways and public buildings of the village of Mt. Gilead, state of Ohio;" followed by a copy of the ordinance, consisting of thirteen sections: "the terms, *provisions and stipulations"* of which the said George M. Schambs, for himself and his associates, accepted and agreed to be bound thereby.

That said George M. Schambs on December, 1899, caused a company to be incorporated under the laws of Ohio, in accordance with the terms and conditions of said franchise, being the right and privilege to erect an electric light plant in said village, and use the streets and public ways for such purpose; and such corporation is this plaintiff to which said Schambs assigned and transferred all his right, title and interest in and to the contract and franchise granted to him on November 21, 1899, by said village ordinance.

That on December 14, 1899, plaintiff accepted said assignment, and notified the village council of the same, and that it would fulfill all the terms and conditions of said franchise

and contract, and that on December 13, 1899, said village council, without notice to Schambs or this plaintiff, passed an ordinance, attempting to repeal the ordinance granted to said Schambs and assigned to this plaintiff, and declared the same forfeited, null and void, which last ordinance plaintiff claims is void and of no effect, and sets out a copy thereof.

The plaintiff then states in its petition, that it has expended large sums of money to carry out the objects and conditions contained in said ordinance; that it has made plans and specifications of the buildings and machinery necessary to equip an electric light plant; that it has entered into negotiations with different manufacturers throughout the country for the purchase of the necessary machinery for operating said plant, but defendant has refused and still refuses to allow plaintiff to complete said contract, or to exercise any rights under said franchise and ordinance, or to allow this plaintiff to open the streets or to erect poles thereon, or string wires, and that it is prevented from carrying out the terms and conditions of said ordinance by reason of the acts of defendant.

There is a further statement that said franchise is a valuable one, and that it would be difficult for plaintiff to state how much profit it could make, by operating thereunder and also that it has no adequate remedy at law.

The plaintiff then prays that the ordinance passed December 13, 1899, attempting to repeal the ordinance pased November 21, 1899, be declared null and void—and that defendant be perpetually enjoined from in any manner interfering with plaintiff in the lawful exercise of the rights acquired by it under said ordinance; that defendant may be ordered to grant from time to time permission to this plaintiff to open the streets in said village; to erect said poles and string wires thereon; and that the court may compel the council of said village to perform each and every one of the terms and conditions of said ordinance, and for all other necessary and proper relief in the premises.

To this petition the defendant has filed a general demurrer, claiming that the facts stated therein are not sufficient to constitute a cause of action in favor of said plaintiff and against defendant; and two general propositions are advanced by counsel for defendant bearing upon the position thus taken.

First: That plaintiff, under the facts stated in the petition, has an adequate remedy at law if the grounds thereon stated are sufficient to constitute a cause of action of any kind.

Second: That the ordinance under which the claim is made by plaintiff is defective, or in

other words, null and void; and two reasons are urged in favor of this position. First: that it is in violation of sec. 1694, R. S.

"A." It grants a franchise to plaintiff or some one to establish an electric light plant in the village of Mt. Gilead, with all that the term imports.

"B." It enters into a contract with the village, the defendant, for the furnishing of electric light for the public use. Second: It attempts to grant these privileges and enter into this contract with an unknown or unascertained party, namely: "George M. Schambs, his associates, successors and assigns."

If either of these propositions is upheld by the law, the demurrer should be sustained.

As to the first question: Sec. 1694, R. S. among other things provides as follows:

"No by-law or ordinance shall contain more than one subject, which shall be clearly expressed in its title."

Village councils may pass such by-laws and ordinances, only, as the laws of the state authorize and in the manner prescribed by statute and not otherwise.

Does this ordinance embrace only one subject, and is that subject clearly expressed in the title? If it does not, counsel for plaintiff concedes that the demurrer should be sustained.

To a proper understanding of the matter submitted, we must take into account the entire proceeding had by the council. In August, 1899, a resolution was adopted by council, instructing the clerk of the village, "to notify the Mt. Gilead Electric Light, Heat & Power Co., and the company represented by Mr. Schambs, that they were each requested to submit their proposition for lighting the streets, alleys and public grounds of Mt. Gilead;" and in the same resolution embracing details and requiring a statement of the kind and quality of all machinery and equipment to be used by the company submitting the propositions.

After the passage of that resolution, George M. Schambs submitted his proposition to the council, detailing at great length everything that could possibly have anything to do with a contract for lighting the said village streets, alleys and public grounds and signs it individually.

In that proposition is the following significant proviso: "The same only to become binding upon us, or the company to whom we shall assign this contract, when the village of Mt. Gilead shall be able to give us, our successors and assigns the undisputed right to a *franchise* through the streets, alleys and public grounds of your village, uninterrupted or interfered with by the company at the present time lighting the streets of your village.

"In other words, it is not the intention of the parties hereto to have this proposition become binding upon us, our successors or assigns, until the said village of Mt. Gilead, is in a position to give us, our successors or assigns, the exclusive right, if so they desire, to light the streets of your village and to furnish light, heat and power to your citizens."

That was something not comprehended in the resolution of the council, requesting propositions for lighting the streets of the village.

Said proposition to council contained the further statement, that within fifteen days from the time of the passage of the ordinance awarding the contract to Mr. Schambs, as per his proposition, and when the village of Mt. Gilead could assure the undersigned the free and uninterrupted use of the streets to carry out the proposition of their contract, "they will proceed to incorporate a company of sufficient capital stock to carry out all conditions of said contract and the undersigned will assign to said company all their right, title and interest to this contract, and such assignment will be filed with the clerk of the village."

The passage of the ordinance follows on November 21, 1899.

The title of this ordinance authorizes George M. Schambs, his successors and assigns to erect and operate an electric plant in the village of Mt. Gilead, and nothing more.

The first section of the ordinance corresponds with its title and some other sections define limitations and impose conditions.

Then section eleven awards a contract for the lighting of the village and upon terms therein stated for a term of ten years—at least forty-one lights at $82.50 per year, and as many more as the necessity of the village required.

This section also provides that the franchise for operating and maintaining an electric light, heat and power plant shall extend and be in force for a period of twenty-five years from its date; and also says that the resolution, proposals and ordinance, which, with all and singular the stipulations therein contained, are to be a part of this contract."

Keeping out of the consideration the repeal of this ordinance December 13, 1899, what was and is its force and effect in law upon these contending parties?

If this was a valid ordinance, its repeal would not affect vested rights.

Every municipal corporation is clothed with power to protect itself and the council has the care, supervision and control of all public highways, streets, avenues, alleys, sidewalks and public grounds, and none of these can be used for extraordinary purposes, without the consent of the council.

Neither street railway companies, water works companies, telephone companies or electric light companies, can use any of the streets, alleys or public grounds of a city or village without first obtaining what is called a franchise; and a franchise can be granted only by ordinance of council, passed in the manner prescribed by statute.

"Franchise," in a general sense, is a liberty or privilege. "A particular privilege conferred upon individuals by grant from the government." They are usually held by corporations created for the purpose of enjoying them, such as railroad, telegraph, telephone, waterworks and electric light companies.

It is true, the granting power may impose conditions for their enjoyment and incorporate the same in the enabling act, but it is seriously doubted whether a corporation can acquire a monopoly by the exclusive use of the streets of a city or village for any particular purpose. This restriction imposed by Schambs in his proposition submitted, was accepted by the council and incorporated in the ordinance and is therefore a part of it.

The streets of a city or village may be used for purposes authorized by statute in furtherance of the convenience and welfare of its inhabitants and not substantially interfering with the public easement or right of travel. But when it is sought to couple with such partial appropriation a stipulation that no further use of unoccupied portions of the street shall be thereafter permitted or made for similar purposes, this is not the exercise of the power of appropriation, but an attempt to prohibit its exercise; and when the effect is to create a private monopoly, the power of the city council thus to divest itself of authority conferred upon it as a public agent for the benefit of others, must be clearly shown. *State of Ohio ex rel. Att'y Gen.* v. *Cincinnati Gas Light &. Coke Co.,* 18 Ohio St., 262, 293.

But aside from the question of the power of the council to grant the exclusive privilege guaranteed to plaintiff, it must be conceded that the granting of a franchise is one subject for the action of council, and can only be conferred by ordinance. It is therefore one subject.

It is claimed by defendant that the contract for the lighting of the village is a second subject, while the plaintiff insists that the ordinance contains only one subject, viz.: "the furnishing of electric lights to the village of Mt. Gilead and its citizens. All other matters contained therein are incidental to the furnishing of light." I have not been furnished with any citation of authorities on this question by either party. In fact, as far as I have been able to

ascertain, there are no direct supreme court holdings covering the entire inquiry.

The case of *"Elyria Gas & Water Co.* v. *Elyria (City)*, 57 Ohio St., 374, bears strongly on the question here involved under sec. 1694, R. S. The Elyria Gas & Water Co., was a corporation and resident tax payer long before in existence and brought suit against the city to enjoin the issue and sale of bonds of the city for the purpose of raising a fund to build water works.

The preliminary resolution declared that it was necessary to issue and sell bonds "for the purpose of the purchase and erection of water works;" and provided for the submission of the proposition to the electors of the city, at a certain time in the manner provided by law.

The resolution in that case was not read on three different days, nor was the rule dispensed with; but it was put on its passage immediately and passed.

This requirement of sec. 1694, R. S., it was claimed by the city did not apply, because the resolution was not of a general or permanent nature; but the supreme court held that when the same was carried into effect it must result in laying a general tax on all taxable property of the municipality, and was of a general nature.

The contention of the plaintiff in this case therefore is not sustained, as the ordinance contemplates the levy of a general tax upon all the taxable property of the corporation from its very nature.

In the Elyria case the language of the resolution was: "for the purpose of the purchase and erection of water works."

The court say: "The power conferred by the statute on the council is to issue and sell the bonds of the municipality, for the erection or purchase of water works." The two purposes are entirely distinct. The purchase of water works necessarily implies that they have already been erected and are a present existing property, the subject of sale and purchase; while the erection of water works can only have reference to their future construction. And further along the court say: A resolution declaring the necessity for the issue and sale of municipal bonds for the purchase and erection of water works is not a resolution for either purpose separately; but for both purposes combined; nor is a vote in favor of issuing bonds for both purposes, a vote in favor of either separately."

"A resolution declaring a necessity for one purpose, does not authorize proceedings for the accomplishment of another; nor does a resolution declaring a necessity for two or more purposes combined, authorize proceedings for the accomplishment of any one of them separately."

This decision is sweeping in its scope and settles the question of the exercise of doubtful powers. The first paragraph of the syllabus points out in no uncertain words what the proceedings of the council of any municipality should be as follows:

"The proceedings of the council of a municipal corporation must, in order to be valid, be within the powers conferred on it and in substantial conformity with the statute regulating them."

In the light of this holding, the ordinance in question is void, as not being in substantial conformity with the statutes regulating proceedings by village or city councils.

The case outside of Ohio most directly in point, is that of *Missouri Pacific R. R. Co.* v. *Wyandot,* 32 Am. & Eng. Cor. Cas., 354, decided by the supreme court of Kansas.

The Kansas statute is exactly the same as ours:—"that no ordinance shall contain more than one subject, which shall be clearly expressed in the title." The ordinance passed by the city of Wyandot, extended the limits of the city, and appropriated funds to aid in building Riverview bridge.

The first section of the ordinance had reference to the extension of the city limits, and the second sought to appropriate $3,000 to aid in the construction of the bridge. Both purposes were mentioned in the title. The court held this provision of the statute "is mandatory upon the city council."

"That an ordinance of a city of the second class, as was Wyandot, the title to which clearly indicates and the ordinance actually contains two separate and distinct subjects, having no necessary connection with each other, is void in toto from that fact and without reference to any other or further questions."

"When it manifestly appears, both from the title and body of such an ordinance, that it contains two separate, independent and distinct subjects of legislation, this court will not inquire whether one is without and the other within the power of the city council; nor will it investigate, whether or not one subject was used to induce the passage of the other, but will give to sec. 9 (Kansas Statute) of the act to incorporate cities of the second class, its clearly expressed meaning, that no city ordinance shall contain more than one subject; and if it does, it violates this provision and is void for that reason alone."

The trial court in this case held one section of the ordinance valid and the other void; but the supreme court held both void, citing numerous authorities in the text of the decision.

In one place the court say: "Two subjects shall not be embodied in one act to prevent certain evils of legislation, so that one cannot be an inducement to the passage of the other."

In the case at bar, but one subject is mentioned in the title;—that is, the granting of the franchise. No reference whatever to a contract for lighting the village; and if an ordinance, containing two subjects, "having no necessary connection with each other," the title of which contains two subjects, is void, with far greater propriety may we hold an ordinance embodying two subjects, one only mentioned in the title, utterly void. The village of Mt. Gilead was authorized by general statute to grant plaintiff the privilege of establishing an electric light plant within its limits, by ordining of the town and that is another subject, It also had the right to contract for the lighting of the town and that is another subject, and they are not necessarily connected with each other.

The granting of a franchise, or the privilege of using the streets, alleys and public grounds for this purpose, is without financial consideration on the part of the grantee. The public is presumed to derive benefits from such an enterprise, as an adequate return for such user; and the title of this ordinance indicates only the purpose of the village council to extend this privilege.

Take the ordinance as a whole in connection with the resolution asking bids from the company then existing in Mt. Gilead, and the one to be organized by Mr. Schambs, and the proposition of Schambs, that the same was made only upon the condition of the exclusive right to use the streets, alleys, etc., for the purposes sought. I cannot but regard it as an attempt to exercise powers without the pale of the law; and for reasons indicated, and supported by the authorities cited, hold it without binding force upon the defendant and void.

This action of the council was evidently taken under sec. 3471-4, which provides that the municipal authorities of any city, village or town in which any electric light company is organized, may contract with any such company for lighting the streets, etc., or for furnishing water, etc., for a period of ten years and that the provisions of secs. 2702 and 2699, R. S., shall not apply.

It is claimed by defendant that this ordinance is void because not made with a company then organized.

Whether such a contract could be made with an individual, it is not necessary for this court now to decide. I may say, however, that corporations are not greater than individuals, and I can see no good reason why such a contract may not be entered into with a responsible individual, in a legal way.

In this case the council of the village was dealing with uncertainties. "Schambs, his associates and assigns" simply meant a corporation to be organized after the exclusive use of the streets, etc., and a contract to light the streets with forty-one lamps at $82.50 per year had been guaranteed.

This corporation would not have been formed had either of these guaranties been withheld, and the council knew it; and courts will not look with favor upon methods such as are detailed in plaintiff's petition, in binding any municipal corporation for ten years, by terms so doubtful in their character as we find here.

Without expressing any opinion on the question of plaintiff having an adequate remedy at law, for reasons stated above, the demurrer will be sustained.

*Geo. R. McKay, E. J. Bandin* and *John D. DeGalley,* for plaintiff.

*L. R. Powell,* for defendant.